United States District Court
for the
Southern District of Florida

| Bernardo Zabala, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20751-Civ-Scola |
| | ) |
| Integon National Insurance | ) |
| Company, Defendant. | ) |

**<u>Order Dismissing Case</u>**

This matter is before the Court upon an independent review of the record showing the Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and an Order of this Court. On February 21, 2020, the Defendant filed a motion to dismiss the complaint. (ECF No. 3.) A response to the motion was due on or before March 6, 2020. *See* S.D. Fla. L.R. 7.1(c)(1) (providing fourteen days to serve an opposing memorandum of law and that "[f]ailure to do so may be deemed sufficient cause for granting the motion by default."). The Plaintiff, who is represented by counsel, did not file a response or seek an extension of time to do so. On March 9, 2020, the Court Ordered the Plaintiff to respond to the motion to dismiss by no later than March 13, 2020. (Order, ECF No. 5.) The March 9, 2020 Order also "cautioned that the failure to comply will result in appropriate sanctions, including dismissal without prejudice and without further notice." (*Id.*)

"Under Federal Rule of Civil Procedure 41(b), a district court is authorized to dismiss an action for failure to comply with local rules . . . and the district court may exercise that power *sua sponte*." *Brye v. Sec'y for Dep't of Corr.*, 228 F. App'x 843, 843 (11th Cir. 2007) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). Since "dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (citing *World Thrust*). Additionally, a district court may dismiss a case for a plaintiff's failure to prosecute its claims or comply with court orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Svc., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). This inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (citation omitted).

It appears that the Plaintiff has abandoned his prosecution of this case. As of the date of this Order, the Plaintiff has not responded to the motion to dismiss or made any filings whatsoever since this matter was removed to this Court over one month ago. As such, he has demonstrated a clear pattern of delay or willful contempt. In response to this indifference to the Federal and Local Rules and the Court's Order, dismissing the Plaintiff's claims is the only adequate sanction—lesser sanctions would not suffice. For example, monetary sanctions could not ensure that the Plaintiff prosecutes this case. Monetary sanctions would merely punish him without necessarily moving this case forward. The only adequate sanction is to dismiss this case without prejudice, allowing the Plaintiff to prepare his case and re-file it, if and when he is prepared to go forward.

The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida, on March 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge