United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bernardo Zabala, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-20751-Civ-Scola |
| ) | |
| Integon National Insurance ) | |
| Company, Defendant. ) | |

### Order Denying Amended Motion to Set Aside Judgment

This matter is before the Court upon the Plaintiff's amended motion filed pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief the Order dismissing this case. (Pl.'s Mot., ECF No. 10; Order, ECF No. 7.) The present motion is "amended" because the Court denied the first motion to set aside the judgment for failure to comply with this Court's Local Rules. (ECF No. 9.) The Defendant filed a response in opposition to the motion at bar (ECF No. 11) and the Plaintiff filed no reply and the time to do so has passed. Having reviewed the motion, the record, and the relevant legal authorities, the Court denies the motion (ECF No. 10).

On March 30, 2020, the Court dismissed this case after the Plaintiff "demonstrated a clear pattern of delay or willful contempt." (Order, ECF No. 7.) Specifically, the Plaintiff repeatedly failed to respond to the Defendant's motion to dismiss. On February 25, 2020, the Defendant moved to dismiss the complaint, and the Plaintiff's response to the motion was due on March 6, 2020. (ECF No. 3.) Having noticed no response filed by the Plaintiff, the Court sua sponte ordered the Plaintiff to respond to the motion on or before March 13, 2020 and cautioned "that the failure to comply will result in appropriate sanctions, including dismissal without prejudice and without further notice." (ECF No. 5.) Then, on March 30, 2020, after more than two weeks passed from the extended deadline and warning of dismissal, the Court dismissed this case. The Plaintiff now moves for a third opportunity to oppose the motion to dismiss on the basis that "counsel inadvertently failed [to] calendar the deadline" and, on a separate occasion "counsel was in a week long trial . . . ." (ECF No. 10 at 1.)

Federal Rule of Civil Procedure 60(b) allows the Court to vacate a previous order for, among other reasons, "excusable neglect." Fed. R. Civ. P. 60(b)(1). Determining excusable neglect is an equitable determination, considering "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The equities in this case do not weigh in favor of vacating the dismissal order.

"It is among the most basic of a lawyer's duties to prosecute his or her clients' cases." *Bynes v. Vilos Navigation Co.*, Case No. 18-CV-61840-UU, 2018 WL 9372459, at *1 (S.D. Fla. Sept. 21, 2018) (Ungaro, J.). This case involves "not a one-time failure to calendar a deadline" (*id.*), but rather a clear record of repeated willful delay in the face of at multiple notices, one of which contained an express warning of dismissal from this Court. First, although not raised by either party, upon receipt of the Notice of Removal (ECF No. 1-4), counsel knew by operation of Federal Rule of Civil Procedure 81 that a response to the complaint would be filed within 21 days of removal. Fed. R. Civ. P. 81(c)(2). "From that moment forward, it was incumbent upon Plaintiff's counsel to monitor this docket." *Bynes*, 2018 WL 9372459 at *1. Second, the inadvertent failure to calendar the motion to dismiss deadline was not excusable neglect. *See, e.g., Sream, Inc. v. Ecstasy Fashion II, Inc.*, Case No. 18-CV-61216-BB, 2018 WL 10374693, at *2 (S.D. Fla. Sept. 19, 2018) (Bloom, J.) (denying motion for relief from judgment where plaintiffs "provided no other reason to the Court [for failing to meet deadlines] apart from their system's failure to properly calendar the requisite deadlines"); *Melgar v. M.I. Quality Lawn Maint., Inc.*, Case No. 09-22243, 2010 WL 11553187, at *2 (S.D. Fla. Dec. 8, 2010) (Seitz, J.) (denying motion for relief from judgment where plaintiffs claimed that "failure to respond [to motion to dismiss] resulted from a calendaring error").

Third, the Plaintiff's failure to respond to the motion is not excused by counsel being "backed up on his email" due to a trial from March 9, 2020 through March 13, 2020. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, Inc., 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation.") (citation omitted). The March 9, 2020 Order to respond under penalty of dismissal was sent both to counsel and to his law firm, Strems Law Firm. (ECF No. 5.) But even if that Order had been sent only to Mr. Saldamando, that would not excuse his failure to take any action whatsoever during the weeks between March 13, 2020 and March 30, 2020, the day that this action was dismissed. (ECF No. 7.) "This was a complete and ongoing abdication of Plaintiff's attorneys' duties" that the Court finds was unmitigated by excusable neglect. *Bynes*, 2018 WL 9372459, at *1.

Accordingly, the Court **denies** the motion (**ECF No. 10**). This case shall remain **closed**.

**Done and ordered** at Miami, Florida, on May 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge